http://www.va.gov/vetapp16/Files4/1630497.txt

Citation Nr: 1630497 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 15-30 554 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to service connection for a psychiatric disorder, to include bipolar disorder, schizophrenia, and depression.

2. Entitlement to service connection for bilateral pes planus as secondary to the service-connected anterior tibialis tendonitis of the lower extremities.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Russell Veldenz, Counsel

INTRODUCTION

The Veteran served on active duty from September 2004 to May 2005.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a November 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

In November 2015, the Veteran appeared at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing is in the record.

In January 2016, the Board remanded the case to the RO for additional development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In January 2016, the Board remanded the Veteran's claims and as a part of the remand, directed ongoing medical records be requested and associated with the file.

As requested, the AOJ obtained updated VA medical center (VAMC) records from the Gainesville VAMC to January 26, 2016. However, a January 25, 2016 note reported the Veteran had just moved to South Carolina, but before doing so, she briefly went to New York and received treatment from the Bronx, New York, VAMC. The clinician specifically mentioned reviewing medical records from the Bronx VAMC. Such records must be requested on remand. 

Additionally, the record indicates the Veteran was hospitalized for schizophrenia at the Columbia, South Carolina VAMC starting in January 2016, apparently to March 2016. Such records must also be requested on remand, as well as updated records. 

Finally, in March 2016, VA received a favorable opinion letter from "Dr. McGee" asserting to be a VA doctor. The letter was handwritten but not on VA letterhead, and does not contain any further identifying information from Dr. McGee such as a first name, degree held (e.g., MD, DO, Ph.D., NP, PA, etc.) or VA facility employing him/her. In light of the above, and based on the content of the letter, the authenticity of the document is suspect. On remand, the Veteran should be asked to provide the physician's first name and facility where he/she works. If such information is provided, the AOJ should attempt to contact this physician and ask the physician to confirm that he/she authored the letter and the content of the letter. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran and ask that she identify Dr. McGee's first name and the VA facility where that physician is employed. If such information is provided, the AOJ should attempt to contact this physician and ask the physician to confirm that he/she authored the March 2016 letter and the content of the letter.

2. Obtain updated VA treatment records, to include from the Bronx, New York VAMC and Columbia, South Carolina VAMC.

3. After the development requested is completed, readjudicate the claims for service connection. If any benefit sought remains denied, furnish the Veteran and her representative a supplemental statement of the case and afford a reasonable period to respond, before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).